FILED
10/19/2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
AK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MIGUEL SALINAS SALCEDO,<br>   also known as "Jorge Salas,"<br>JUAN SERNA VASQUEZ,<br>ARTURO MARTINEZ,<br>GIORGIO PONCE, and<br>DAVID ALFONSO RODRIGUEZ | Case No. 21 CR 591<br><br>Violations: Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1956(h), and Title 21, United States Code, Section 841(a)(1)<br><br>**UNDER SEAL** |

JUDGE COLEMAN
MAGISTRATE JUDGE KIM

### COUNT ONE

The SPECIAL MAY 2021 GRAND JURY charges:

1. Beginning no later than in or about April 2019, and continuing until at least on or about September 22, 2021, in the Northern District of Illinois, Eastern Division, and elsewhere,

MIGUEL SALINAS SALCEDO,
also known as "Jorge Salas,"

defendant herein, did conspire with JUAN SERNA VASQUEZ, ARTURO MARTINEZ, GIORGIO PONCE, DAVID ALFONSO RODRIGUEZ, and with others known and unknown to the Grand Jury, to commit offenses in violation of Title 18, United States Code, Section 1956, namely, to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is the felonious buying and selling and otherwise dealing in a controlled substance, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source,

ownership, and control, of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

2. It was part of the conspiracy that MIGUEL SALINAS SALCEDO contracted with Mexico-based money laundering and drug trafficking organizations (MLDTOs) and their associates to receive millions of dollars in bulk cash drug proceeds in the United States, launder those proceeds through the U.S. banking system, and deliver the laundered proceeds to SALINAS SALCEDO's MLDTO clients through wire transfers of laundered funds to U.S.-based bank accounts where it could be accessed by and delivered to SALINAS SALCEDO's MLDTO clients and their associates.

3. It was further part of the conspiracy that MIGUEL SALINAS SALCEDO, in exchange for a commission from his MLDTO clients, coordinated the receipt of his clients' cash drug proceeds in the United States by arranging money "pickups" in Chicago, New York, Cleveland, Atlanta, Kansas City, Dallas, Baltimore, North Carolina, and elsewhere, during which SALINAS SALCEDO directed, and caused others to direct, U.S.-based money couriers, including JUAN SERNA VASQUEZ, ARTURO MARTINEZ, GIORGIO PONCE, and DAVID ALFONSO RODRIGUEZ, to deliver his clients' bulk cash drug proceeds to other SALINAS

SALCEDO associates (the "drug proceeds collectors"), knowing that the bulk cash represented the proceeds of some form of unlawful activity. Unbeknownst to SALINAS SALCEDO and the other co-coconspirators at the time, several of the U.S.-based drug proceeds collectors were law enforcement agents working in an undercover capacity.

4. It was further part of the conspiracy that, to facilitate the money pickups between the money couriers and drug proceeds collectors, MIGUEL SALINAS SALCEDO directed, and caused others to direct, money couriers, including JUAN SERNA VASQUEZ, ARTURO MARTINEZ, GIORGIO PONCE, and DAVID ALFONSO RODRIGUEZ, to use the same code phrases, code numbers, and particular telephone numbers that the drug proceeds collectors previously provided to SALINAS SALCEDO, knowing the transactions were designed to conceal the nature, location, source, ownership, and control of the cash drug proceeds the money couriers delivered to the drug money collectors.

5. It was further part of the conspiracy that money couriers, including JUAN SERNA VASQUEZ, ARTURO MARTINEZ, GIORGIO PONCE, and DAVID ALFONSO RODRIGUEZ, delivered the bulk cash drug proceeds to the drug proceeds collectors during brief meetings, including in vehicles and in public parking lots, knowing the transactions were designed to conceal the nature, location, source, ownership, and control of the drug proceeds.

6. It was further part of the conspiracy that after the drug money collectors received the bulk cash drug proceeds from the money couriers, MIGUEL SALINAS SALCEDO directed the drug proceeds collectors to wire and/or transfer the laundered funds to U.S.-based bank accounts and correspondent bank accounts, where it could be accessed by and/or transferred to SALINAS SALCEDO's MLDTO clients or their associates.

7. It was further part of the conspiracy that MIGUEL SALINAS SALCEDO, on behalf of his MLDTO clients, directed, and caused others to direct, the delivery of currency located outside the United States to other MLDTO associates.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT TWO

The SPECIAL MAY 2021 GRAND JURY further charges:

On or about July 31, 2020, at Bolingbrook, in the Northern District of Illinois, Eastern Division, and elsewhere,

> MIGUEL SALINAS SALCEDO,
> also known as "Jorge Salas," and
> JUAN SERNA VASQUEZ,

defendants herein, did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, namely, the transfer and delivery of approximately $150,000 in United States currency, which involved the proceeds of a specified unlawful activity, that is, the felonious buying and selling and otherwise dealing in a controlled substance, knowing that the transaction was designed in whole and in part to conceal and disguise, the nature, location, source, ownership, and control, of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT THREE

The SPECIAL MAY 2021 GRAND JURY further charges:

On or about August 4, 2020, at Countryside, in the Northern District of Illinois, Eastern Division, and elsewhere,

> MIGUEL SALINAS SALCEDO,
> also known as "Jorge Salas," and
> ARTURO MARTINEZ,

defendants herein, did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, namely, the transfer and delivery of approximately $31,690 in United States currency, which involved the proceeds of a specified unlawful activity, that is, the felonious buying and selling and otherwise dealing in a controlled substance, knowing that the transaction was designed in whole and in part to conceal and disguise, the nature, location, source, ownership, and control, of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT FOUR

The SPECIAL MAY 2021 GRAND JURY further charges:

On or about August 6, 2020, at New Lenox, in the Northern District of Illinois, Eastern Division, and elsewhere,

> MIGUEL SALINAS SALCEDO,
> also known as "Jorge Salas," and
> JUAN SERNA VASQUEZ,

defendants herein, did knowingly attempt to conduct a financial transaction affecting interstate and foreign commerce, namely, the transfer and delivery of approximately $194,300 in United States currency, which involved the proceeds of a specified unlawful activity, that is, the felonious buying and selling and otherwise dealing in a controlled substance, knowing that the transaction was designed in whole and in part to conceal and disguise, the nature, location, source, ownership, and control, of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT FIVE

The SPECIAL MAY 2021 GRAND JURY further charges:

On or about September 29, 2020, at Oak Brook, in the Northern District of Illinois, Eastern Division, and elsewhere,

> MIGUEL SALINAS SALCEDO,
> also known as "Jorge Salas," and
> GIORGIO PONCE,

defendants herein, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, namely, the transfer and delivery of approximately $356,150 in United States currency, which involved the proceeds of a specified unlawful activity, that is, the felonious buying and selling and otherwise dealing in a controlled substance, knowing that the transaction was designed in whole and in part to conceal and disguise, the nature, location, source, ownership, and control, of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT SIX

The SPECIAL MAY 2021 GRAND JURY further charges:

On or about November 9, 2020, at Plano, in the Northern District of Illinois, Eastern Division, and elsewhere,

GIORGIO PONCE,

defendant herein, did knowingly and intentionally possess with intent to distribute a controlled substance, namely, 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, and a quantity of a mixture and substance containing a detectable amount of marijuana, a Schedule I Controlled Substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SEVEN

The SPECIAL MAY 2021 GRAND JURY further charges:

On or about May 13, 2021, at Rosemont, in the Northern District of Illinois, Eastern Division, and elsewhere,

MIGUEL SALINAS SALCEDO,
also known as "Jorge Salas,"

defendant herein, did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, namely, the transfer and delivery of approximately $124,918 in United States currency, which involved the proceeds of a specified unlawful activity, that is, the felonious buying and selling and otherwise dealing in a controlled substance, knowing that the transaction was designed in whole and in part to conceal and disguise, the nature, location, source, ownership, and control, of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT EIGHT

The SPECIAL MAY 2021 GRAND JURY further charges:

On or about September 20, 2021, at Hillside, in the Northern District of Illinois, Eastern Division, and elsewhere,

>MIGUEL SALINAS SALCEDO,
>also known as "Jorge Salas," and
>DAVID ALFONSO RODRIGUEZ,

defendants herein, did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, namely, the transfer and delivery of approximately $200,000 in United States currency, which involved the proceeds of a specified unlawful activity, that is, the felonious buying and selling and otherwise dealing in a controlled substance, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control, of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## **FORFEITURE ALLEGATION**

The SPECIAL MAY 2021 GRAND JURY further alleges:

1. Upon conviction of an offense in violation of Title 18 United States Code, Section 1956, as set forth in this Indictment, the defendants specified below shall forfeit to the United States of America any property involved in such offense, and any property traceable to such property, as provided in Title 18, United States Code, Section 982(a)(1).

2. As to MIGUEL SALINAS SALCEDO and DAVID ALFONSO RODRIGUEZ, the property to be forfeited includes, but is not limited to, the following specific property: approximately $200,000 in United States currency seized in Hillside, Illinois, on or about September 20, 2021.

3. As to MIGUEL SALINAS SALCEDO, the property to be forfeited includes a personal money judgment in the amount of approximately $2,969,082.

4. If any of the property described above, as a result of any act or omission by defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided by Title 21, United States, Code Section 853(p) and Title 18, United States Code, Section 982(b)(2).

                                                    A TRUE BILL:

                                                    FOREPERSON

_____
Erika L. Csicsila on behalf of the
UNITED STATES ATTORNEY